IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Antonio Celester, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 2:22-cv-1748-BHH |
| v. ) | |
| ) | |
| Baker Buick & GMC, Sun Trust Bank, ) | **ORDER** |
| and Snatch Masters, LLC, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the Court upon Plaintiff Antonio Celester's ("Plaintiff") complaint alleging violations of several state and federal laws, including the Fair Debt Collections Practices Act ("FDCPA") and the Dodd-Frank Act. All three Defendants filed motions to dismiss (ECF Nos. 30, 35, and 40), and the matters were referred to a United States Magistrate Judge for preliminary determinations in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d), D.S.C.

On June 21, 2023, Magistrate Judge Kaymani D. West issued a report and recommendation ("Report"), outlining the issues and recommending that the Court (1) grant Defendant Baker Buick & GMC's motion to dismiss (ECF No. 30) as to all claims brought by Plaintiff against this Defendant; (2) grant in part and deny in part Defendant Truist Bank's[1] motion to dismiss (ECF No. 35)–specifically, the Magistrate Judge recommends granting the motion as to all of Plaintiff's claims against this Defendant except for Plaintiff's breach of contract and conversion claims; and (3) grant in part and deny in part Defendant Snatch Masters, LLC's motion to dismiss (ECF No. 40)–specifically, the Magistrate Judge

---

[1] Defendant Sun Trust Bank is now properly identified as Truist Bank. (*See* ECF No. 61 at 2, n.2.)

recommends granting the motion as to all of Plaintiff's claims against this Defendant except for Plaintiff's conversion claim. Additionally, the Magistrate Judge recommends that the Court decline to exercise supplemental jurisdiction over the remaining state law claims. Attached to the Magistrate Judge's Report was a notice advising the parties of the right to file written objections to the Report within fourteen days of being served with a copy. To date, no objections have been filed.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no party has filed objections to the Report, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error. After review, the Court finds no clear error and agrees with the Magistrate Judge's thorough and well-reasoned analysis. Accordingly, the Court adopts and specifically incorporates the Magistrate Judge's Report (ECF No. 61), and the Court:

(1) grants Defendant Baker Buick & GMC's motion to dismiss (ECF No. 30) as to all claims brought by Plaintiff against this Defendant;

(2) grants in part and denies in part Defendant Truist's motion to dismiss (ECF No. 35)–specifically, the Court grants the motion as to all of Plaintiff's claims against Defendant Truist except for Plaintiff's breach of contract and conversion claims against this Defendant;

(3) grants in part and denies in part Defendant Snatch Masters, LLC's motion to dismiss (ECF No. 40)–specifically, the Court grants the motion as to all of Plaintiff's claims against Defendant Snatch Masters, LLC except for Plaintiff's conversion claim against this Defendant; and

(4) the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims and hereby dismisses this action.[2]  See 28 U.S.C. § 1367(c)(3).

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

July 10, 2023
Charleston, South Carolina

---

[2] In her Report, the Magistrate Judge recommends remanding the remaining state law claims; however, this case was originally filed in this Court and was not removed from state court.  Accordingly, the Court hereby dismisses the remaining state law claims, and Plaintiff may pursue them in state court if he chooses to do so.